No. 22-30819
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

BROCK P. BOUDREAUX *et al.*,

   Plaintiffs-Appellants,

v.

SCHLUMBERGER TECHNOLOGY CORP.,

   Defendant-Appellee.

---

On Appeal from the United States District Court for the
Western District of Louisiana, Lafayette Division
Case No. 6:14-CV-02267-RRS-CBW

---

## APPELLANTS' REPLY IN SUPPORT OF MOTION TO REMAND

---

**Michael A. Josephson**
Texas Bar No. 24014780
**Lindsay Itkin Reimer**
Texas Bar No. 24068647
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
mjosephson@mybackwages.com
litkin@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
rburch@brucknerburch.com

**Kenneth W. DeJean**
Louisiana Bar Roll No. 4817
**LAW OFFICES OF KENNETH W. DEJEAN**
P.O. Box 4325
Lafayette, Louisiana 70502
Telephone: (337)-235-5294
kwdejean@kwdejean.com

**Attorneys for Plaintiffs-Appellants**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges if this Court may evaluation possible disqualification of recusal:

| Defendant/Appellee | Counsel for Defendant/Appellee |
|---|---|
| Schlumberger Technology Corp. | Samuel Zurik, III<br>Robert P. Lombardi<br>Bryan E. Bowdler<br>THE KULLMAN FIRM, P.L.C.<br>1100 Poydras St., Suite 1600<br>New Orleans, Louisiana 70163<br>Tel: (504) 524-4162<br>Fax: (504) 596-4189 |
| **Plaintiffs/Appellants** | **Counsel for Plaintiffs/Appellants** |
| Brock Boudreaux, *et al.* | Michael A. Josephson<br>Lindsay Itkin Reimer<br>JOSEPHSON DUNLAP, LLP<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>Tel: (713) 352-1100<br>Fax: (713) 352-3300<br><br>Richard J. (Rex) Burch<br>BRUCKNER BURCH PLLC<br>11 Greenway Plaza, Suite 3025<br>Houston, Texas 77046<br>Tel: (713) 877-8788<br>Fax: (713) 877-8065 |

| | |
|---|---|
| | Kenneth W. DeJean<br>LAW OFFICES OF KENNETH W. DEJEAN<br>P.O. Box 4325<br>Lafayette, Louisiana 70502<br>Tel: (337)-235-5294<br>kwdejean@kwdejean.com |

Respectfully submitted,

By: */s/ Lindsay Itkin Reimer*
    **Michael A. Josephson**
    Texas State Bar No. 24014780
    **Lindsay Itkin Reimer**
    Texas State Bar No. 24068647
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, TX 77046
    Tel: (713) 352-1100
    Fax: (713) 352-3300
    mjosephson@mybackwages.com
    litkin@mybackwages.com

    **Richard J. (Rex) Burch**
    Texas State Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    Tel: (713) 877-8788
    Fax: (713) 877-8065
    rburch@brucknerburch.com

    **Kenneth W. DeJean**
    Louisiana Bar Roll No. 4817
    **Law Offices of Kenneth W. DeJean**
    P.O. Box 4325
    Lafayette, Louisiana 70502
    Telephone: (337)-235-5294
    kwdejean@kwdejean.com

    **Attorneys for Plaintiffs-Appellants**

The only issue raised by Appellants' Motion to Remand is whether the judgment decertifying the collective action should be remanded to the District Court for consideration in the light of *Helix Energy Sols. Grp. Inc. v. Hewitt,* 143 S. Ct. 677 (2023) (*Hewitt IV*). Schlumberger's meandering response never makes clear why it opposes Appellants' request for remand.

First, Schlumberger says remand can only be addressed by holding a "proper hearing" in front of a "full panel." *See* Doc. 52-1 at 6. It then argues to the contrary, claiming this Court cannot decide the remand issue at all and instead must "dismiss the appeal as improperly filed" for lack of subject matter jurisdiction.[1] *Id.* at 7. Then it backtracks again, arguing "there is no need to remand for reconsideration" based on *Hewitt IV*. *Id.* at 8. Ultimately, and even though Appellants moved to consolidate the issues in the District Court, Schlumberger accuses *Appellants* of "attempting to accomplish exactly what Rule 54(b) is designed to prevent"—"splitting the same claim between this Court and the [D]istrict [C]ourt." *Id.*

Despite Schlumberger's inability to string together a coherent argument, what is clear is **everyone agrees** this matter belongs in the District Court along with the related "salary basis" issues pending there. *Id.* at 7 ("Appellants can finish litigating before the

---

[1] Pursuant to the Court's April 19, 2023, Notice of Docket Activity entry, Appellants will file their opposition to Schlumberger's incorporated Motion for Reconsideration of the Court's Order Deferring Appellee's Motion for Dismiss for Lack of Subject Matter Jurisdiction on or before April 28, 2023.

district court and [if necessary] bring the full matter before this Court once there is a final judgment."). This is precisely why Appellants asked this Court to remand in the first place. *See, e.g., Wilkins v. Univ. of Houston*, 695 F.2d 134, 135 (5th Cir. 1983) (remanding class certification issue to the district court for consideration in the first instance after intervening Supreme Court decision changed the analysis); *see also Sec. & Exch. Comm'n v. Team Res., Inc.*, 815 Fed. App'x 801 (5th Cir. 2020) ("the district court did not have the benefit of [an intervening Supreme Court decision] guidance when it [ruled]. Application of [the intervening Supreme Court decision] the facts of this case should be left in the first instance to the district court's sound judgment."). There is simply no need to evaluate Schlumberger's jurisdictional beef at this juncture, because even Schlumberger wants this matter to proceed in the District Court. *See* Doc. 52-1 at 7 (Schlumberger admits "the case before the district court is still open," "the same arguments" are still being litigated there, and the issue should not be "split" between "this Court and the district court").

For these reasons and those set forth in Appellants' Motion to Remand, the Court should remand the decertification issue to the District Court for reconsideration in the first instance considering *Hewitt IV*.

Respectfully submitted,

By: /s/ *Lindsay Itkin Reimer*
**Michael A. Josephson**
Texas Bar No. 24014780
**Lindsay Itkin Reimer**
Texas Bar No. 24068647
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com
litkin@mybackwages.com

and

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

and

**Kenneth W. DeJean**
Louisiana Bar Roll No. 4817
**LAW OFFICES OF KENNETH W. DEJEAN**
P.O. Box 4325
Lafayette, Louisiana 70502
Telephone: (337)-235-5294
kwdejean@kwdejean.com

**Attorneys for Plaintiffs-Appellants**

## CERTIFICATE OF SERVICE

On April 24, 2023, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

/s/ Lindsay Itkin Reimer
Lindsay Itkin Reimer

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 27(D)

This Reply complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(C) because the Motion contains 483 words, excluding the accompanying documents authorized by FED. R. APP. P. 27(a)(2)(B). This Motion complies with the typeface and type style requirements of FED. R. APP. P. 27(d)(1)(E) and 32(a)(5)-(6) because this Motion is prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Garamond font, a Roman typeface.

/s/ Lindsay Itkin Reimer
Lindsay Itkin Reimer